IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROGELIO VIDAL SANTILLAN, #34475-058,<br><br>Plaintiff,<br><br>v.<br><br>ESTELA DERR, *et al.*,<br><br>Defendants. | CIVIL NO. 22-00196 DKW-KJM<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND |

Before the Court is a Prisoner Civil Rights Complaint, ECF No. 1, filed by pro se Plaintiff Rogelio Vidal Santillan pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Santillan alleges that two officials[1] at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu") violated the Eighth Amendment by threatening his safety (Count I) and denying him adequate medical care (Count II). ECF No. 1 at 5–7. Santillan further alleges that his First Amendment rights were violated because he was denied access to the court (Count III). *Id.* at 8–9.

---

[1] Santillan names as Defendants Warden Estela Derr and Head of Health Services Nathan Kwon, M.D. in their individual capacities. ECF No. 1 at 1–2.

After screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the Complaint, albeit with partial leave to amend.  If Santillan wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **July 20, 2022**.  In the alternative, Santillan may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I. <u>STATUTORY SCREENING</u>

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all civil actions filed by prisoners seeking redress from a government entity or an officer or employee of a government entity.  *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016).  During screening, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  "If the . . . court determines that any of these grounds is satisfied, it must dismiss the case, and enter a 'strike' against the plaintiff prisoner."  *Byrd*, 885 F.3d at 641.

Failure to state a claim under 28 U.S.C. § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6)."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citation omitted).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

During screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  When it is clear that a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

Santillan commenced this action by signing the Complaint on April 22, 2022.  ECF No. 1 at 10.  He paid the fees associated with this action on May 10, 2022.  ECF No. 3.

---

[2]Santillan's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Santillan alleges in Count I that he was sentenced to 101 months'
imprisonment in 2019 for "Conspiracy to Distribute Methamphetamine."  ECF No.
1 at 5; *see also* Judgment in a Criminal Case, *United States v. Santillan*, Cr. No.
18-00048 KDB-DSC (W.D.N.C. Aug. 1, 2019), ECF No. 358.[3]  In March 2021,
Santillan was transferred from a prison in North Carolina to FDC Honolulu.  ECF
No. 1 at 5.  Santillan remains incarcerated at FDC Honolulu.  *See* Federal Bureau
of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter
"34475-058" in "Number" field"; and select "Search) (last visited on June 17,
2022).

According to Santillan, he was transferred pursuant to a "bodies policy"
adopted by Warden Derr that sought "to maintain inmate levels at FDC Honolulu."
*Id.* at 6.  Santillan alleges that Warden Derr threatened his safety by housing him
with convicted inmates at FDC Honolulu.  *Id.* at 6.  Santillan asserts that he should
not be housed with convicted inmates because he is a "deportable alien."  *Id.* at 5.

---

[3]Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records
available electronically.  *See United States v. Raygoza-Santillan*, 902 F.3d 994, 1001 (9th Cir.
2018) ("A court may take judicial notice of undisputed matters of public record, which may
include court records available through [public access to court electronic records]." (citations
omitted)).

In support of this claim, Santillan cites Bureau of Prisons ("BOP") Program Statement 7331.04[4] and 18 U.S.C. § 3142.[5]  *Id.*

Santillan alleges in Count II that he has a "long history of medical issues." *Id.* at 7.  These issues include diabetes, major depressive disorder, anxiety disorder, and a heart condition.  *Id.*  According to Santillan, he "requested treatment" from Dr. Kwon on "multiple occasions," but these requests were "ignored."  *Id.* Santillan submitted "administrative remedy forms" that were also "ignored."  *Id.*

Santillan alleges in Count III that Dr. Kwon denied him access to the court by refusing to respond to his administrative remedy forms.  *Id.* at 8.  Santillan seeks $75,000 and "a [recommendation] to the Bureau of Prisons to transfer [him] to a medical facility to address his medical conditions."  *Id.* at 10.

---

[4]Program Statement 7331.04 addresses "Pretrial Inmates" and states that "[p]retrial inmates will be separated, to the extent practicable, from convicted inmates."  Federal Bureau of Prisons, Program Statement 7331.04 (Jan. 31, 2003), https://www.bop.gov/policy/progstat/7331_004.pdf, (last visited June 17, 2022).  The program statement further provides that "[d]eportable alien detainees housed in [BOP] detention institutions . . . are considered pretrial inmates for [the program statement's] purposes."  *Id.* at 4.

[5]Section 3142(i) states that pretrial detainees must be confined "in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal."  18 U.S.C. § 3142(i).

## III. <u>DISCUSSION</u>

### A.    Legal Framework for *Bivens* Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has

6

'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[6]  *Id.* (quoting *Malesko*, 534 U.S. at 68).  Indeed, the Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution."  *Egbert v. Boule*, No. 21-147, 2022 WL 2056291, at *11 (U.S. June 8, 2022).

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action.  *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018).  If a claim is precluded, that is the end of the matter.  If a claim is not precluded, courts then apply a two-step test.

---

[6]The Supreme Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination,  *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); a suit under the Fifth, Eighth, and Fourteenth Amendments against United States Public Health Service personnel, *see Hui v. Castaneda*, 559 U.S. 799 (2010); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 137 S. Ct. 1843; a Fourth and Fifth Amendment suit against a United States Border Patrol agent, *Hernandez v. Mesa*, 140 S. Ct. 739 (2020); and a First and Fourth Amendment suit against a United States Border Patrol Agent, *Egbert v. Boule*, No. 21-147,  2022 WL 2056291 (U.S. June 8, 2022).

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. First, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 2022 WL 2056291, at *6 (citations omitted)). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.*, 2022 WL 2056291, at *9. "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.*, 2022 WL 2056291, at *6. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the

Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

The Supreme Court has stated that the two-step test often reduces to a single question: "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 2022 WL 2056291, at *6, 8. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.*, 2022 WL 2056291, at *6 (citation omitted). "Put another way, 'the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Id.*, 2022 WL 2056291, at *5 (citation omitted). "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case, no *Bivens* action may lie." *Id.* (citation omitted). Thus, "if there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate,'" or "even if there is the '*potential'* for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." *Id.*, 2022 WL 2056291, at *8 (citation omitted).

**B.      Eighth Amendment**

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).  Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.* (citations omitted).

**1.      Threat to Safety**

Santillan alleges in Count I that Warden Derr threatened his safety by housing him with convicted inmates.  ECF No. 1 at 5–6.

The Supreme Court has not explicitly held that a *Bivens* remedy is available under the Eighth Amendment for a threat to safety claim.  The Ninth Circuit, however, has allowed a *Bivens* claim under the Eighth Amendment for a federal prison official's deliberate indifference to prisoner safety.  *See Doreh v. Rodriguez*, 723 F. App'x 530, 530 (9th Cir. 2018) ("[T]hese allegations are sufficient to state a deliberate indifference to safety claim." (citation omitted)).  Several district courts have also recognized failure to protect claims under *Bivens*.  *See McDaniels v.*

10

*United States*, No. 5:14-cv-02594-VBF-JDE, 2018 WL 7501292, at *5–6 (C.D. Cal. Dec. 28, 2018), *report and recommendation adopted*, 2019 WL 1045132 (C.D. Cal. Mar. 5, 2019); *Santillan v. Matevousian*, No. 1:18-cv-00169-GSA-PC, 2018 WL 5603593, at *7–8 (E.D. Cal. Oct. 26, 2018) (concluding that a failure to protect claim was not a *Bivens* expansion); *Marquez v. United States*, Case No.: 3:18-cv-0434-CAB-NLS, 2018 WL 1942418, at *4 (S.D. Cal. Apr. 25, 2018).

Even assuming the existence of a *Bivens* remedy, Santillan fails to state a plausible claim.  *See Hernandez*, 137 S. Ct. at 2007 ("[D]isposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy — is appropriate in many cases."); *Ansari v. Martinez*, 859 F. App'x 842, 842 (9th Cir. 2021) ("The district court properly dismissed [the plaintiff's] Eighth Amendment claims because, even if a *Bivens* remedy is available for these claims, [the plaintiff] failed to allege facts sufficient to state a plausible claim." (citations omitted)).

The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates."  *Farmer*, 511 U.S. at 832 (internal quotation marks and citation omitted).  Prison officials, therefore, "have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks, alteration, and citation omitted).

A prison official violates the Eighth Amendment, however, only when two requirements are met.  "First, the deprivation alleged must be objectively, sufficiently serious."  *Id.* at 834 (citations omitted).  "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.* (citation and footnote omitted).  Second, the plaintiff must show deliberate indifference — that is, that "the [prison] official kn[ew] of and disregard[ed] an excessive risk to inmate . . . safety."  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

Santillan has not plausibly alleged that he faced a substantial risk of serious harm at FDC Honolulu.  Santillan does not allege that anyone has harmed him, attempted to harm him, or even threatened to do so.  Nor does Santillan allege any facts suggesting that he otherwise faced a serious risk of harm.  To the extent Santillan is suggesting that housing members of different gangs together necessarily amounts to an Eighth Amendment violation, ECF No. 1 at 6, he is mistaken.  *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) ("[A]mong other problems, 'the number of gang members housed and the high representation of certain gangs would place an unmanageable burden on prison administrators were they required to separate inmates by gangs.'" (quoting

*Mayoral v. Sheahan*, 245 F.3d 934, 939 (7th Cir. 2001) (alterations omitted));

*Wilson v. Pierce County*, Case No. 16-5455 RJB, 2017 WL 3876625 (W.D. Wash. Sept. 5, 2017) ("The Ninth Circuit has held that a jail's policy of housing rival gang members together does not amount to a per se violation of the Eighth Amendment." (citing *Labatad*, 714 F.3d at 1160)).

Moreover, Santillan has not plausibly alleged that Warden Derr acted with deliberate indifference to his safety. Santillan does not say how Warden Derr knew of a substantial risk to his safety and disregarded that risk. For example, Santillan does not allege that he ever complained to Warden Derr about his housing assignment at FDC Honolulu or the conditions he experienced there.

Santillan cites a BOP policy to argue that he should not be housed at FDC Honolulu. ECF No. 1 at 5–6. Santillan's reliance on a BOP program statement is misplaced for at least two reasons.

First, the Supreme Court has never recognized a *Bivens* cause of action for purported violations of BOP policies. *See Islaam v. Kubicki*, 838 F. App'x 657, 661 (3d Cir. 2020). Indeed, as one court has stated, "[t]o allow a damages remedy for violations of BOP policy that do not amount to unconstitutional conduct would exceed the bounds of judicial function." *Id.*; *see also deWilliams v. Groves*, No. ED CV 17-356-GW (PLA), 2019 WL 994407, at *5 (C.D. Cal. Jan. 16, 2019) ("[T]he mere failure of a correctional officer to follow BOP rules, procedures, or

policies does not rise to the level of a federal civil rights violation."); *Williams v. Rios*, No. 1:10-cv-01207-AWI-GBC (PC), 2011 WL 1627177, at *3 (E.D. Cal. Apr. 28, 2011) ("[A] Bivens action must be founded upon a violation of constitutional rights, and a failure to adhere to administrative regulations does not equate to a constitutional violation." (internal quotation marks and citations omitted)).

Second, even if Santillan could rely on a BOP program statement in an action brought pursuant to *Bivens*, Santillan has not plausibly alleged that the program statement applies to him. As Santillan acknowledges, he is a *convicted* inmate. ECF No. 1 at 5. Thus, any program statement regarding the placement of deportable aliens who have not been convicted simply does not apply here. For the same reason, Santillan's reliance on 18 U.S.C. § 1342, ECF No. 1 at 6, is misplaced. That section addresses the release or detention of a defendant pending trial. Because Santillan is a convicted inmate, 18 U.S.C. § 3142 is not relevant here. Unless Santillan can plausibly allege that he faced a substantial risk of serious harm and a prison official was deliberately indifferent to that risk, this claim cannot proceed.

Santillan's threat to safety claim in Count I is DISMISSED with leave to amend.

14

## 2.   Denial of Adequate Medical Care

Santillan alleges in Count II that Dr. Kwon denied him adequate medical care.  ECF No. 1 at 7.

As already noted, "*Carlson* recognized an implied claim under the Eighth Amendment's cruel and unusual punishment clause for prison officials' failure to provide adequate medical care." *Hoffman v. Preston*, 26 F.4th 1059, 1064 (9th Cir. 2022) (citation omitted).  "To establish a claim of inadequate medical care, a prisoner must first show a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (some internal quotation marks and citation omitted).  "If . . . a prisoner establishes a sufficiently serious medical need, that prisoner must then show the official's response to the need was deliberately indifferent." *Id.* at 786 (internal quotation marks, brackets, and citation omitted).  "To show deliberate indifference, the plaintiff must show that the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* (internal quotation marks, brackets, and citation omitted).  "Deliberate indifference is a 'high legal standard' beyond malpractice or

gross negligence." *Balla v. Idaho*, 29 F.4th 1019, 1025–26 (9th Cir. 2022) (citation omitted).

Here, Santillan alleges that he experienced various medical issues including diabetes, major depressive disorder, anxiety disorder, and a heart condition.  ECF No. 1 at 7.  Santillan fails to explain, however, how or when he faced a serious medical need due to any of these conditions.  In addition, Santillan has not plausibly alleged that Dr. Kwon acted with deliberate indifference to a serious medical need.  Although Santillan asserts that he "requested treatment" from Dr. Kwon on "multiple occasions," these vague statements are not enough.  Santillan does not say what treatment he requested or when he did so.  To the extent Santillan asserts that he submitted administrative remedy forms, he does not say when they were submitted or what he said in them.

Santillan's denial of adequate medical care claim in Count II is DISMISSED with leave to amend.

## C.     First Amendment – Access to the Court

Santillan alleges in Count III that Dr. Kwon denied him access to the court by ignoring his administrative remedy forms.  ECF No. 1 at 7.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and . . . a right of meaningful access to the courts."  *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations

16

omitted).  The Supreme Court, however, has never recognized a *Bivens* remedy for First Amendment claims, *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); and the Ninth Circuit has declined to extend *Bivens* to access to court claims in various contexts.  *See Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to expand *Bivens* remedy to include access to court claims against private defendants under the First Amendment); *Schwarz v. Meinberg*, 761 F. App'x 732, 733–34 (9th Cir. 2019) ("We decline to extend *Bivens* remedies to [the plaintiff's] claims — unsanitary cell conditions, access to courts, and request for placement in a camp facility — because these claims do not fall within claims authorized by the Supreme Court." (citation omitted)).

District courts, therefore, have consistently concluded that no *Bivens* remedy exists for access to court claims.  *See, e.g., Camillo-Amisano v. Fed. Bureau of Prisons*, No. 2:17-cv-06634-ODW-JDE, 2019 WL 8138040, at *5 (C.D. Cal. Oct. 4, 2019) ("The Court declines to find a private right of action for Plaintiff's denial of access to courts claim under *Bivens*[.]"), *report and recommendation adopted,* No. CV 17-06634-ODW (JDE), 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019); *Moore v. United States*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 3265874, at *4 (E.D. Cal. June 17, 2020) ("[T]he Court . . . declines to find an implied *Bivens* cause of action under the First Amendment for the denial of access to the courts." (citation omitted)), *report and recommendation adopted*, Case No.:

1:20-cv-00451-NONE-SAB (PC), 2020 WL 6060869 (E.D. Cal. Oct. 14, 2020);

*see also Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL

1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be

in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for

violation of the First Amendment." (citations omitted)).

Even if a *Bivens* remedy exists for an access to court claim, Santillan fails to

state a plausible claim for relief.  "To establish a violation of the right of access to

the courts, a prisoner must establish that he or she has suffered an actual injury."

*Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v.*

*Casey*, 518 U.S. 341, 349 (1996)).  "Actual injury is a jurisdictional requirement

that flows from the standing doctrine and may not be waived."  *Id.* (citation

omitted).  "It is actual prejudice with respect to contemplated or existing litigation,

such as the inability to meet a filing deadline or to present a claim."  *Id.* (internal

quotation marks and citation omitted).  Failing to allege that a nonfrivolous legal

claim has been frustrated is fatal to an access to court claim.  *See Alvarez v. Hill*,

518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

Here, Santillan does not allege that Dr. Kwon's actions frustrated a

nonfrivolous legal claim in contemplated or existing litigation.  At most, Santillan

alleges that Dr. Kwon interfered with Santillan's ability to proceed through the

BOP's administrative remedy program.  This is not enough to satisfy the actual

injury requirement.  *See Kerch v. Johnson*, Civil Action No. 5:17-CV-108 (MTT), 2018 WL 844416, at *2 n.4 (M.D. Ga. Feb. 13, 2018) ("[B]ecause the alleged interference with the grievance procedure did not prevent the Plaintiff from bringing suit in court, he has suffered no actual injury."); *Jose-Nicolas v. Butler*, Case No. 16-cv-00402-MJR, 2016 WL 2643347, at *3 (S.D. Ill. May 10, 2016) (dismissing access to court claim where the plaintiff "was not prevented from filing [an] action in a timely manner, and he describe[d] no actual legal detriment that he suffered as a result of [the defendant's] conduct").

Santillan's access to court claim is DISMISSED.  Because any amendment would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

## D.    Injunctive Relief Under *Bivens*

In his request for relief, Santillan seeks $75,000 and a recommendation from the Court "to the Bureau of Prisons to transfer [Santillan] to a medical facility to address his medical conditions."  ECF No. 1 at 10.

"*Bivens* does not encompass injunctive and declaratory relief[.]"  *Solida*, 820 F.3d at 1093; *see Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." (citation omitted)); *Bacon v. Core Civic*, Case No.: 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10,

2020) ("[I]injunctive relief may not be obtained through *Bivens* actions, which are limited to claims for monetary damages against persons in their individual capacities." (footnote omitted)).  Thus, to the extent Santillan seeks injunctive relief in the form of a recommendation to transfer him, such relief is not available under *Bivens*.

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave granted to amend. Santillan may file an amended pleading on or before **July 20, 2022**.  Santillan may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Santillan must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*,
693 F.3d 896, 928 (9th Cir. 2012).

## V.  **28 U.S.C. § 1915(g)**

If Santillan fails to file an amended complaint or is unable to amend his
claims to cure their deficiencies, this dismissal may count as a "strike" under
28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a
civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  **CONCLUSION**

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim
pursuant to 28 U.S.C. § 1915A((b).

(2) Santillan may amend his pleading, however, by curing the deficiencies in
his claims on or before **July 20, 2022**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC
DISMISSAL of this suit without further notice, and Santillan may incur a strike
under 28 U.S.C. § 1915(g).

21

(4) ALTERNATIVELY, Santillan may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Santillan a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  June 21, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Santillan v. Derr, et al.*; Civil No. 22-00196 DKW-KJM; **ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**